UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THEODOR MAYER, a married person in his separate estate, and as Trustee of the JEANNETTE L. MAYER and KARL MAYER TRUSTS,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN MAYER, a single person,<br><br>      Defendant. | CASE NO. C11-05328-BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART JOHN HANCOCK'S MOTION FOR JUDGMENT IN INTERPLEADER, TO ENJOIN DEFENDANTS, AND TO AWARD FEES AND COSTS |
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>      Interpleader Plaintiff,<br><br>  v.<br><br>THEODOR MAYER, a married person in his separate estate, and as Trustee of the JEANNETTE L. MAYER and KARL MAYER TRUSTS; and CAROLYN MAYER, a single person,<br><br>      Interpleader Defendants. | |

ORDER - 1

1   This matter comes before the Court on John Hancock Life Insurance Company
2  (U.S.A.)'s ("John Hancock") Motion for Judgment in Interpleader.  Having considered
3  all papers filed in support of and in opposition to the motion, the Court finds as follows:
4   First, the Court finds that John Hancock has satisfied the requirements for bringing
   an interpleader action pursuant to 28 U.S.C. § 1335.  Second, the Court finds that John
5
   Hancock is authorized to deposit the money or property in controversy in the registry of
6  the Court.  28 U.S.C. § 1335(a)(2).  Third, the Court finds that, upon deposit of the funds,
7  John Hancock may be dismissed from this action with prejudice and discharged from all
   liability relating to the underlying proceeds.  *See Minn. Mut. Life Ins. Co. v. Ensley*, 174
8
   F.3d 977, 981 (9th Cir. 1999).  Finally, the Court finds that John Hancock, as a
9  disinterested stakeholder, is entitled to reasonable attorney fees and costs.  However, the
10 Court finds that John Hancock's request for $8,731.50 in fees and costs is *not* reasonable
11 in light of the facts giving rise to the motion, the routine nature of the filing, and the
   amount of time expended vis-à-vis the rate of the lawyer performing the work.
12
    Therefore, it is hereby ORDERED as follows:
13
    1. John Hancock is authorized to deposit the death benefit proceeds of
14 $145,000 under variable annuity, No. 1776005670, issued to Jeanette L. Mayer
15 ("Contract"), into the registry of the Court.  This sum is to be deposited in an interest-
   bearing account.  Said interest is to accrue and the proceeds to be disbursed in a manner
16
   to be ordered subsequently by this Court or by stipulation of the parties.
17
    2. All claims against John Hancock relating to the Contract or proceeds are
18 hereby dismissed with prejudice.  John Hancock is hereby discharged from all obligations
19 relating to the Contract.  Interpleader Defendants are enjoined from prosecuting any
   action against John Hancock relating to the Contract or its proceeds.  This applies to all
20
   of Interpleader Defendants' beneficiaries, heirs, agents, attorneys, assigns, and any other
21 parties in privity with them.
22

ORDER - 2

3. John Hancock is awarded its reasonable fees and costs, to be paid from the death benefit proceeds on deposit in the registry of the Court. The Clerk is directed to issue a check payable to John Hancock Life Insurance Company (U.S.A.) in the total sum of $5,000 and to mail that check to the attention of Lynn M. Engel, Summit Law Group PLLC, 315 Fifth Ave S., Suite 1000, Seattle, Washington 98104.

IT IS SO ORDERED.

DATED this 5th day of January 2012.

BENJAMIN H. SETTLE
United States District Judge